780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ERNEST ANTHONY LUNATI, RALPH P. LUNATI, Petitioners-Appellants,
v.
GENE BARKSDALE, Respondent-Appellee.
 85-5260, 85-5261
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 W.D.Tenn.
 On Appeal from the United States District Court for the Western District of Tennessee
 Before: ENGEL and MILBURN, Circuit Judges; and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Ralph and Ernest Lunati appeal from the denial of their petitions for writs of habeas corpus by the United States District Court for the Western District of Tennessee. The Lunatis challenge their incarceration for violating Tenn. Code Ann. Sec. 30-2-633.
 
 
 2
 The Lunatis are brothers whose petitions have been consolidated in the district court and on this appeal. Each was convicted of attempting to procure females for prostitution in violation of Tenn. Code Ann. Sec. 39-2-633. Each received a sentence of eighteen months in the state penitentiary. Both unsuccessfully appealed their sentences to the Tennessee Court of Criminal Appeals. The Tennessee Supreme Court denied them permission to appeal, and the United States Supreme Court denied their petitions for writs of certiorari.
 
 
 3
 On May 11, 1984, the Lunatis filed petitions for writs of habeas corpus in the district court under 28 U.S.C. Sec. 2254. They alleged that their custody in the state penitentiary was unconstitutional because the Tennessee statute: (a) contains an impermissible gender-based classification which violates the equal protection clause, and (b) the language of the statute is vague and overbroad in violation of the due process clause. The district court found each petition to be without merit and dismissed it.
 
 
 4
 On appeal, the Lunatis have abandoned their equal protection challenge. However, they continue to pursue their claim that the statute is unconstitutionally vague and overbroad.
 
 
 5
 Upon consideration of the record, we conclude that the Lunatis' challenge to the constitutionality of the Tennessee statute on overbreadth grounds must fail. The Lunatis do not assert that the statute impinges upon any constitutionally protected conduct as such, and it is not suggested that the statute impinges upon First Amendment rights. See Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982), and more particularly, City Council of Los Angeles v. Taxpayers, 52 U.S.L.W. 4594 (U.S. May 15, 1984). Likewise, we agree with the district court that the statute is not unconstitutionally vague, especially with respect to its application to the facts in the instant case. Again, the defendants have not claimed that the conduct which was the subject of the defendants' convictions was constitutionally protected. Further, we are not impressed with the claim that the defendants could not have known from the plain reading of the statute in question that their activity was violative of it.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, United States District Court for the Eastern District of Michigan, sitting by designation